UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HANS TIEFENTHALER, CASE NO. 1:22-cv-11132-RGS

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

## DECLARATION OF DEAN WHALEY

Pursuant to 28 U.S.C. §1746, I, Dean Whaley, declare as follows:

1. My name is Dean Whaley. I am over 18 years of age. I suffer no mental disabilities and am otherwise competent to make this Declaration. I have personal knowledge of the information contained in this Declaration or obtained the information through a review of the corporate books and records of USHEALTH Advisors, LLC ("USHA").

2. I am the Vice President of Financial Planning and Analysis of USHA. I am familiar with the nature of USHA's business dealings and transactions, and am authorized to make this declaration on behalf of USHA.

3. USHA is a limited liability company organized under the laws of the State of Texas.

4. USHA's principal place of business in Fort Worth, Texas.

5. At no time has USHA ever been registered in the Commonwealth of Massachusetts as a domestic or foreign corporation.

6. USHA has never had a mailing address in Massachusetts.

7. USHA has never had an office or physical workspace in Massachusetts.

8. USHA has never transacted any business in the Commonwealth of Massachusetts.

9. USHA has never contracted for services to be performed or for material to be furnished in the Commonwealth of Massachusetts.

10. USHA has never sent any representative to Massachusetts to perform work.

11. USHA is not licensed as an insurance company or as an insurance agency in Massachusetts, and therefore does not market, sell or underwrite any insurance or other products or services to Massachusetts residents. For the same reasons, USHA has never hired, contracted with, or authorized anyone to make telemarketing calls or text messages to anyone in Massachusetts.

12. USHA does not initiate, make, or place any telemarketing telephone calls or text messages. USHA thus never placed or initiated a telephone call or text message to Plaintiff.

13. USHA has never authorized any third party to place or initiate a telephone call or text message to Plaintiff, and certainly not one that would violate the "do-not-call" rules or any other aspect of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

14. USHA has contracts with independent insurance advisors – meaning that they are licensed insurance advisors (or "agents") under their respective states' laws, not that they act as USHA's agents for purposes of an agency relationship – and these independent insurance advisors sell insurance products underwritten by certain insurance carriers. These independent insurance advisors are independent contractors, and are not employed by USHA.

[remainder of page intentionally left blank]

15. USHA does not control or have the right to control the day-to-day activities of the independent licensed insurance advisors, including how they decide to sell insurance policies. However, if they choose to use the telephone to do so, their contracts with USHA require them to comply with all applicable federal and state laws, which includes the TCPA.

I declare under penalty of perjury that the foregoing is true and correct.

Dean Whaley