**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS TIEFENTHALER, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USHEALTH ADVISORS, LLC<br><br>Defendant. | NO. 1:22-cv-11132 |

**PLAINTIFF'S OPPOSITION TO USHEALTH ADVISORS, LLC'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## INTRODUCTION

Plaintiff Hans Tiefenthaler sued insurance provider US Health Advisors, LLC ("US Health") for the actions of its insurance agents it hired to promote its services for violations of Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") by transmitting calls to numbers on the National Do Not Call Registry.

Without the aide of any discovery, US Health submits a declaration and asks the Court to find that it is not vicariously liable and that no injury is traceable to US Health. However, this Court should not permit this case to be dismissed for two reasons.

First, during the LR 7.1 meet and confer process, the US Health indicated that it would not oppose a transfer of this matter to the Fort Worth Division of the Northern District of Texas. As personal jurisdiction is not an issue in that location, this matter should be transferred pursuant to 28 U.S.C. § 1404.

Second, if the Court is not inclined to permit the transfer, the Plaintiff should be permitted jurisdictional discovery to address the factual underpinning that serves the basis for US Health's motion, as US Health's vicarious liability is a fact-intensive issue likely to be decided by a jury, US Health submitting this affidavit should not prevent the parties from engaging in discovery. As such, US Health's motion should be denied.

## PLAINTIFF'S ALLEGATIONS

"Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to

Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

"The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. Id…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

Mr. Tiefenthaler's phone number, 608-XXX-0111, has been on the National Do Not Call List for more than two years. *See* ECF No. 1 at ¶ 15. The number is used by the Plaintiff for personal purposes and is not associated with a business. *Id.* at ¶ 16. At no point prior to the calls

at issue has Plaintiff sought out or solicited information regarding Defendant's services. *Id.* at ¶ 17. Despite this, the Plaintiff received the following text messages from the Defendant:




*Id.* at ¶ 18. To identify who was contacting his number on the National Do Not Call Registry illegally, the Plaintiff responded to the text messages. *Id.* at 19. The Plaintiff then got a policy offering following up on the text messages that was from "Harley Owens", (714) 465-XXXX. *Id.* at ¶ 20. Mr. Owens had an e-mail address of Harley.Owens@USHAdvisors.com, an e-mail address owned by the Defendant. *Id.* at ¶ 21-22. Mr. Owens had a website of www.ushagent.com/HarleyOwens, a domain owned by the Defendant. *Id.* at ¶ 23-24. Due to the *en masse* nature of telemarketing, the Plaintiff has filed this matter as a putative class action seeking to represent the following class:

> **Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

*Id.* at ¶ 27.

## ARGUMENT

### 1. I. This Matter Should be Transferred

During the parties LR 7.1 meet and confer, US Health indicated that it would not oppose a transfer to the Fort Worth Division of the Northern District of Texas. As personal jurisdiction is not an issue in that location, this matter should be transferred pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1631. *See* Exhibit 1. That is the headquarters of the Defendant and, as US Health is contesting their vicarious liability, is an appropriate venue to address that issue.

The Plaintiff does not concede that this Court lacks personal jurisdiction and asserts that transfer is proper pursuant 28 U.S.C. § 1404. However, this Court need not reach that analysis as it may transfer this action under 28 U.S.C. § 1631. Indeed, a court that

lacks personal jurisdiction over a suit may, nevertheless, transfer the action under 28 U.S.C. § 1631. *Fed. Home Loan Bank of Bos. v. Moody's Corp.*, 821 F.3d 102, 114-19 (1st Cir. 2016), abrogated on other grounds by *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 196 L. Ed. 2d 493 (2017). That statute provides that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other court . . . in which the action . . . could have been brought at the time it was filed . . . .

28 U.S.C. § 1631. In light of this authority, the court need not necessarily dismiss a suit outright when it lacks jurisdiction, see id., and a court's finding that it lacks personal jurisdiction does not necessarily moot all other pending motions, see, e.g., *DeBarros v. Family Practice Grp., P.C.*,

No. CV 19-367WES, 2019 U.S. Dist. LEXIS 171806, 2019 WL 4888638, at *2-3 (D.R.I. Oct. 3, 2019) (instead of dismissing suit outright for lack of personal jurisdiction, court transferred suit under 28 U.S.C. § 1631); *Photographic Illustrators Corp. v. A.W. Graham Lumber, LLC*, 196 F. Supp. 3d 123, 134 (D. Mass. 2016) (same).

28 U.S.C. § 1631 establishes a "rebuttable presumption in favor of transfer" that is overcome only if the "inquiring court determines that transfer is not in the interest of justice." *Fed. Home Loan*, 821 F.3d at 119 (internal quotation marks omitted). In assessing whether transfer is in the interest of justice, the court should consider the "totality of the circumstances," including the relative merits of the suit and whether transfer would unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial system. *Britell v. United States*, 318 F.3d 70, 74-75 (1st Cir. 2003). Here, where the Defendant does not contest the transfer, it is appropriate.

**2. If this Matter is Not Transferred, the Plaintiff Should be Permitted Jurisdictional Discovery Regarding Vicarious Liability**

If the Court was not inclined to transfer the matter, then the Plaintiff should be permitted to take jurisdictional discovery regarding US Health's vicarious liability. Ever since the TCPA was enacted, the FCC has repeatedly warned that the TCPA's broad restrictions on various forms of "telephone solicitations" cannot be evaded simply by utilizing third parties to physically transmit illegal calls. *See In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, ¶ 13 (1995).

In 2013, the FCC ruled that sellers could be vicariously liable for the unlawful calls of third-party telemarketers based on "federal common law principles of agency," including theories of formal agency, apparent authority, and ratification. *See In re DISH Network, LLC*, 28 FCC Rcd.

6574, 6582-84 (2013) ("2013 FCC Order"). "The FCC has interpretive authority over the [TCPA]." *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 466-467 (6th Cir. 2010). *See also Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371-372 (6th Cir. 2015) (adopting 2013 FCC Order). In its 2013 Order, the FCC explained that vicarious liability was critical to realizing the TCPA's consumer protection goals:

> [A]s the telemarketing industry acknowledges – the seller is in the best position to monitor and police TCPA compliance by third-party telemarketers. … [C]onsistent with the statute's consumer protection goals, potential seller liability will give the seller appropriate incentives to ensure that their telemarketers comply with our rules.

2013 FCC Order, 28 FCC Rcd. at 6588. And, as described above, the FCC envisioned the scenario here where a defendant takes a strained reading of the plaintiff's complaint and asserts that the matter should be dismissed because the inner workings of the relationship between the defendant and the third party it used to physically place the calls has not been pled.

"[A] party may be liable under the TCPA in accordance with tort-related vicarious liability rules," including actual authority, apparent authority, and ratification principles. *Klein v. Just Energy Grp., Inc.*, No. 14-1050, 2016 U.S. Dist. LEXIS 84447, at *27 (W.D. Pa. June 29, 2016) (citing *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016)); *see also In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6588 (F.C.C. 2013). The existence of an agency relationship is normally one for the trier of fact to decide. *See Ward v. Mgmt. Analysis Co. Emp. Disability Benefit Plan*, 135 F.3d 1276, 1283 (9th Cir. 1988), *rev'd in part on other grounds, UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358 (1999).

A plaintiff is required to allege a sufficient basis for any "one of the common law agency theories." *Cunningham v. Cap. Advance Sols., LLC*, No. 17-13050 (FLW), 2018 U.S. Dist. LEXIS 197590, at *17-21 (D.N.J. Nov. 20, 2018). "[A] plaintiff is not required to plead all of its evidence

in the complaint in order to plausibly allege agency." *Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988, 996 (N.D. Ill. 2016) (citing *Dish Network*). A plaintiff must only "allege a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts." *Mauer v. Am. Intercontinental Univ., Inc.*, 2016 U.S. Dist. LEXIS 120451, at *2 (N.D. Ill. Sep. 7, 2016).

For TCPA claims specifically, there is a low bar to pleading vicarious liability, as a plaintiff is *not* expected to allege "facts suggesting that" the defendant "instructed" the putative agent "to make the call to" the plaintiff, "had any authority over the time, means and manner of" the putative agent's solicitations, or "had the ability to issue instructions … on these subjects." *Dolemba*, 213 F. Supp. 3d at 997 ("But Farmers does not suggest how Dolemba could reasonably be expected to know those facts at this stage in the litigation. Indeed, it is likely that all of the documents and information that establish (or refute) the details of the agency relationship between Farmers and the Lombardi Agency are exclusively within the Defendants' custody and control."); *see Cunningham v. Rapid Response Monit. Servs.*, 251 F. Supp. 3d 1187, 1199 (M.D. Tenn. 2017) ("Cunningham has investigated the parties extensively, but inevitably some aspects of their relationships will only come to light in discovery.").

If the Court concludes that the existing record is insufficient to support personal jurisdiction, jurisdictional discovery is appropriate if "a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, 841 F. Supp. 2d 514, 518 (D. Mass. 2012). Here, the Plaintiff requests such jurisdictional discovery. Through this jurisdictional discovery, the Plaintiff will seek information from the agents identified as sending the communications to explore the scope of their contacts with Massachusetts residents like the Plaintiff and further explore if US Health can

be vicariously liable for their conduct.

## CONCLUSION

Plaintiff respectfully requests that the Court transfer this matter or permit the Plaintiff to conduct jurisdictional discovery.

Respectfully Submitted,
**For the Plaintiff,**

Dated: August 26, 2022

*/s/ Anthony I. Paronich*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Anthony I. Paronich*
Anthony I. Paronich