UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HANS TIEFENTHALER, CASE NO. 4:-22-cv-0780-P

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant USHEALTH Advisors, LLC ("USHA"), by its undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Hans Tiefenthaler's Complaint (the "Complaint").

## ANSWER

### PRELIMINARY STATEMENT

1. USHA admits that Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA"), respectfully refers the Court to the TCPA for the full context, and denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint quotes from a federal court decision, and respectfully refers the Court to the cited decision for the actual language and full context. To the extent a response is required, USHA denies the allegations contained in Paragraph 2 of the Complaint.

3. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4. USHA is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. Paragraph 5 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 5 of the Complaint.

**PARTIES**

6. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. USHA admits the allegations contained in Paragraph 7 of the Complaint.

**JURISDICTION & VENUE**

8. USHA admits the allegations contained in Paragraph 8 of the Complaint.

9. USHA denies the allegations contained in Paragraph 9 of the Complaint.

10. USHA denies the allegations contained in Paragraph 10 of the Complaint.

**TCPA BACKGROUND**

11. Paragraph 11 of the Complaint describes the National Do Not Call Registry, to which no response is required. USHA respectfully refers the Court to the cited regulation for the actual language. To the extent a response is required, USHA denies the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint describes the National Do Not Call Registry, to which no response is required. USHA respectfully refers the Court to the cited regulation for the actual language. To the extent a response is required, USHA denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint describes the TCPA and implementing regulations, to which no response is required. USHA respectfully refers the Court to the cited statutory

provision and regulation for the actual language. To the extent a response is required, USHA denies the allegations contained in Paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14. USHA admits the allegations contained in Paragraph 14 of the Complaint.

15. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

17. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19. USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies the same.

22. Paragraph 22 of the Complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 25 of the Complaint.

26. USHA denies the allegations contained in Paragraph 26 of the Complaint.

## CLASS ACTION ALLEGATIONS

27. USHA admits that Plaintiff purports to bring this action as a class action and attempts to define a class, but denies that a class can be certified or, if certified, would result in a class where liability under the TCPA would be imposed against USHA. Accordingly, USHA denies the allegations contained in Paragraph 27 of the Complaint.

28. USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. USHA denies the allegations contained in Paragraph 29 of the Complaint.

30. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same.

31. USHA denies the allegations contained in Paragraph 31 of the Complaint.

32. USHA denies the allegations contained in Paragraph 32 of the Complaint.

33. USHA denies the allegations contained in Paragraph 33 of the Complaint.

34. USHA denies the allegations contained in Paragraph 34 of the Complaint.

35. USHA denies the allegations contained in Paragraph 35 of the Complaint.

36. USHA denies the allegations contained in Paragraph 36 of the Complaint.

37. USHA denies the allegations contained in Paragraph 37 of the Complaint.

38. USHA denies the allegations contained in Paragraph 38 of the Complaint.

39. USHA denies the allegations contained in Paragraph 39 of the Complaint.

40. USHA denies the allegations contained in Paragraph 40 of the Complaint.

41. USHA denies the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies the allegations contained in Paragraph 42 of the Complaint.

43. USHA denies the allegations contained in Paragraph 43 of the Complaint.

44. USHA denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT I

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45. USHA incorporates by reference its responses from Paragraphs 1 through 44 as if fully set forth herein.

46. USHA denies the allegations contained in Paragraph 46 of the Complaint.

47. USHA denies the allegations contained in Paragraph 47 of the Complaint.

48. USHA denies the allegations contained in Paragraph 48 of the Complaint.

49. USHA denies the allegations contained in Paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

USHA denies that Plaintiff is entitled to any of the relief requested and USHA respectfully requests that this Court enter an order granting judgment in favor of USHA and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

USHA states that it intends to rely upon and otherwise preserve the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of USHA's Defenses. Accordingly, USHA asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory or cause of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and the other class members' consent, prior express invitation, permission to be called on their cellular and/or residential telephones, established business relationship, and/or personal relationship with USHA or the callers.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because, pursuant to Federal Communication Commission guidance, USHA and/or the callers were entitled to reasonably rely on prior express written consent containing Plaintiff's and putative class members' telephone numbers until USHA and/or the callers were notified that the number was wrong or reassigned. Plaintiff never put USHA and/or the callers on notice that he was not the individual who provided prior express written consent using his telephone number.

### FOURTH AFFIRMATIVE DEFENSE

USHA states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported

calls or recordings which took place after Plaintiff actually revoked his consent (to the extent he ever did) (and the same applies to any other class member).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of holding his cellular telephone number out to the public as a business telephone number.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the cellular telephone number which he claims was called in violation of 47 U.S.C. § 227(c) is and was not a residential telephone number or line.

**SEVENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA and 47 C.F.R. 64.1200(c)(2).

**EIGHTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(b), § 227(c)(5), and 47 C.F.R. 64.1200(c)(2)(i)-(iii). Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because USHA did not engage in knowing or willful misconduct.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiff, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**ELEVENTH AFFIRMATIVE DEFENSE**

USHA is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of telephone call(s) to Plaintiff. At all relevant times, such third parties were not USHA's agents and USHA did not exercise substantial control over their actions.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the telephone calls at issue.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA or, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative class members therefore lacks standing.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands due to his and the other class members' consent to be called on their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc*., 725 F.3d 940, 947 (9th Cir. 2013).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone should cease.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and the other class members' failure to timely notify the alleged callers that the calls should cease.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and the other class members' failure to timely notify the alleged callers that the calls allegedly made to their cellular and/or residential telephone(s) should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and the other class members consented to and/or ratified the telephone calls complained of in the Complaint, including calls to their cellular and/or residential telephone numbers.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel due to his and the other class members' consent, existing business relationships, familial relationships, prior express invitation, or other permission to be called on their cellular and/or residential telephones.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's suit and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s) against USHA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's class action suit and the claims of putative class members are barred to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against USHA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against USHA with sufficient particularity to enable USHA to determine what additional defenses it may have in response to the Complaint. USHA therefore reserves its right to assert any

additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

## RESERVATION

USHA reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant USHEALTH Advisors, LLC respectfully requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, deny Plaintiff's request for class certification, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

DATED: September 28, 2022

Respectfully submitted,

GREENSPOON MARDER, LLP
Jeffrey A. Backman (Fla. Bar No. 662501)
(*pro hac vice* application pending)
Roy Taub (Fla. Bar No. 116263)
(*pro hac vice* application pending)
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-343-6958
jessica.serrano-cartagena@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

KELLY HART & HALLMAN LLP

*/s/ Jeff Whitfield*
Jeff Whitfield (Bar No. 24060825)
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
jeff.whitfield@kellyhart.com

**ATTORNEYS FOR DEFENDANT USHEALTH ADVISORS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, Fort Worth Division, using the CM/ECF system of the Court which will send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice in accordance with the Federal Rules of Civil Procedure.

*/s/ Jeff Whitfield*
Jeff Whitfield